**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

PATRICIA STRINGER, ET AL.              CIVIL ACTION NO. 25-1458

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

VILLAGE OF GRAND CANE,                 MAGISTRATE JUDGE HORNSBY
ET AL.

**MEMORANDUM RULING**

Before the Court is a Motion for Attorney's Fees (Record Document 34) filed by

Defendants pursuant to 42 U.S.C. § 1988. Plaintiffs have filed an opposition (Record

Document 38), and Defendants have filed a reply (Record Document 39). For the reasons

set forth below, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

This litigation arose out of a dispute between Plaintiff Patricia Stringer ("Stringer"),

the owner and operator of Homemade Quilts N More, Inc. (the "Quilt Shop"), and the

Village of Grand Cane (the "Village") concerning the nonrenewal of a lease for Village-

owned property. A full recitation of the facts can be found in the Court's memorandum

ruling on Defendants' Motions to Dismiss (Record Document 29). In sum, the Complaint

alleged that Stringer voiced criticism of a community event and displayed signage at the

Quilt Shop expressing her views. See id. Thereafter, Village officials conditioned a lease

extension on a public apology and ultimately declined to renew the lease when they

determined that Stringer had not satisfied that condition. See id.

Stringer and the Quilt Shop (collectively, "Plaintiffs") filed suit asserting federal and

state law claims against the Village and Mayor Marsha Richardson ("Mayor Richardson"),

Clayton Davis ("Davis"), K.E. Campbell ("Campbell"), and Rhonda Meek ("Meek")

(collectively, "Defendants"). <u>See</u> Record Document 1. Stringer asserted claims in her individual capacity under 42 U.S.C. § 1983 and Louisiana law, while the Quilt Shop asserted claims including municipal liability under <u>Monell</u>. <u>See id.</u> Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). <u>See</u> Record Documents 11, 12, 14, 15, & 16.

In its prior Memorandum Ruling (Record Document 29), this Court dismissed all claims. The Court concluded that Stringer lacked Article III standing because the alleged injury arose from the nonrenewal of a lease held exclusively by the Quilt Shop, rendering her alleged injuries derivative of the corporation's injury. <u>See id.</u> at 6–9. The Court further determined that the Quilt Shop failed to state a viable <u>Monell</u> claim because no cognizable constitutional violation was adequately alleged. <u>See id.</u> at 11. Having dismissed all federal claims, the Court declined to exercise supplemental jurisdiction over the remaining state law claim, which was dismissed without prejudice. <u>See id.</u> at 12.

## LAW AND ANALYSIS

### I.      Summary of the Arguments

Defendants contend that they are entitled to recover attorney's fees as prevailing parties under 42 U.S.C. § 1988 following dismissal of Plaintiffs' § 1983 claims. <u>See</u> Record Document 34. They argue that Plaintiffs' claims lacked foundation, that the litigation necessitated extensive defense efforts, and that fees should be recoverable *in solido*. <u>See id.</u> Specifically, Defendants seek an award of $31,760.00 in attorney's fees. <u>See id.</u> at 2.

Plaintiffs oppose the motion, arguing that this is not one of the rare cases in which a prevailing defendant is entitled to fees under § 1988. <u>See</u> Record Document 38 at 2.

2

Plaintiffs contend that their claims were not frivolous, unreasonable, or without foundation under the standard set forth in <u>Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n</u>, 434 U.S. 412, 421 (1978). <u>See</u> Record Document 38 at 4. Plaintiffs further argue that fees cannot be imposed *in solido* because different claims were asserted by different Plaintiffs against different Defendants, and that this Court lacks jurisdiction to award fees against Stringer considering the dismissal for lack of standing. <u>See id.</u> at 2–3.

In reply, Defendants reiterate that Plaintiffs' claims lacked a sufficient legal foundation, that the Court retains jurisdiction to award fees despite the jurisdictional dismissal, and that the requested fees are reasonable under § 1988. <u>See</u> Record Document 39.

## II.    Applicable Standards

Section 1988 authorizes a district court, in its discretion, to award reasonable attorney's fees to a prevailing party in an action brought under 42 U.S.C. § 1983. The purpose of this law is to ensure "effective access to the judicial process for persons with civil rights grievances." <u>Dean v. Riser</u>, 240 F.3d 505, 507 (5th Cir. 2001) (internal citations omitted). Congress was prompted to enact such statutes authorizing district courts to award attorney's fees to prevailing parties in civil rights litigation because vigorous enforcement to vindicate civil rights is a high priority. <u>See id.</u> Thus, "a prevailing plaintiff is deserving of an award of attorney's fees because they are assessed against a violator of federal law." <u>Id.</u>

"In the case of prevailing civil rights defendants, however, the aforementioned policy considerations, which support the award of fees to a prevailing plaintiff, are inescapably absent." <u>Id.</u> A prevailing defendant seeking attorney's fees must rely on

3

different equitable considerations, that is, protection "from burdensome litigation having no legal or factual basis." Id. at 508. Moreover, a prevailing defendant may recover attorney's fees only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. See Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2 (1983) (citing Christiansburg Garment Co., 434 U.S. at 421). However, a plaintiff's subjective bad faith is not a prerequisite to granting attorney's fees to a defendant. See Christiansburg Garment Co., 434 U.S. at 421. In determining whether a suit is frivolous, "a district court must focus on the question of whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Jones v. Texas Tech U., 656 F.2d 1137, 1145 (5th Cir. 1981).

### III.    Analysis

Here, although Defendants prevailed, the Court does not find that Plaintiffs' claims meet the demanding standard required for a fee award under § 1988. The Court's prior ruling did not characterize Plaintiffs' claims as frivolous, unreasonable, or without foundation. See Record Document 29. To the contrary, the Court engaged in a detailed analysis of the standing issue, including examination of the lease agreement, consideration of the parties' competing interpretations of that agreement, and application of governing Fifth Circuit precedent concerning derivative injuries and shareholder standing. See id. The Court likewise evaluated the sufficiency of the Monell allegations under the applicable Rule 12(b)(6) standard.

The fact that Plaintiffs' claims did not ultimately survive dismissal does not render them frivolous. As the Supreme Court has cautioned, courts must avoid post hoc reasoning that equates dismissal with lack of foundation. See Christiansburg Garment

4

Co., 434 U.S. at 422. The legal questions presented, particularly whether Stringer's alleged personal harms constituted independent injuries rather than merely derivative injuries, required substantive legal analysis and were not so lacking in merit as to justify an award of fees to a prevailing defendant.

Plaintiffs additionally argue that this Court lacks jurisdiction to award fees against Stringer in light of the dismissal of her claims for lack of standing. See Record Document 38 at 3. Assuming that the Court has jurisdiction, Defendants have not satisfied the substantive requirements under § 1988 for an award of attorney's fees. Thus, the Court need not reach the merits of Plaintiffs' jurisdictional argument.

Accordingly, the Court concludes that Defendants are not entitled to recover attorney's fees under § 1988.

**CONCLUSION**

Based on the reasons explained above, Defendants' Motion for Attorney's Fees (Record Document 34) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of April, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

5